# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARK CONLEY,

    Plaintiffs,

v.

BANK OF AMERICA N.A., et al.,

    Defendants.

2:11-CV-353 JCM (PAL)

# ORDER

Presently before the court is defendants BAC Home Loans Servicing, LP, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and ReconTrust Company's motion to dismiss and to expunge lis pendens. (Doc. #5). The plaintiff, Mark Conley, has responded (doc. #10), and the defendants have replied (doc. #11).

The instant dispute concerns property located at 2824 Perliter Avenue, Las Vegas, Nevada. On March 10, 2006, plaintiff borrowed $160,000 from Countrywide Home Loans, Inc., which was secured by a deed of trust. On September 13, 2010, a notice of default and election to sell were executed and recorded against the property. On September 15, 2010, defendant ReconTrust was substituted as trustee under the deed of trust, and on January 6, 2011, ReconTrust issued the notice of trustee's sale, which was recorded on January 11, 2011.

Thereafter, on March 7, 2011, plaintiff filed the instant complaint, alleging: (1) failure to comply with RESPA rules; (2) fraudulent foreclosure; and (3) failure to comply with the Fair Debt Collection Act. The defendants have filed the instant motion to dismiss the complaint for failure to

**James C. Mahan**
**U.S. District Judge**

1  state a claim upon which relief my be granted.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

*Pro se* litigants are held to a less stringent pleading standard than attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, all complaints must set forth enough facts to state a claim that is plausible on its face, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the court evaluates all pleadings according to Federal Rule of Civil Procedure 8, which requires a short and plain statement showing that the pleader is entitled to the relief sought. It is the plaintiff's duty to ensure the complaint is coherent, logical, and well-organized. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir.2008).

I.  RESPA

Plaintiff's first claim for relief alleges that defendants: (1) engaged in double charging for the same services without providing any additional service; (2) charged excessive and predatory fees; (3) created a controlled business arrangement to collect thousands of dollars in excessive fees; (4) did not correctly discloses fees and finance charges; (5) did not correctly disclose the correct amount financed; and (6) did not correctly disclose the annual percentage rate. Defendants contend that these allegations arise under 12 U.S.C. §§ 2607 and 2608, and the court agrees. Plaintiff also cites 12 U.S.C. § 2605 in support of the remaining allegations in the first claim for relief.

(I)  *12 U.S.C. § 2607 and § 2608*

Defendants assert that the claims under sections 2607 and 2608 are barred by the applicable statute of limitations. *See* 12 U.S.C. § 2614 ("Any action . . . may be brought . . . within . . . 1 year

James C. Mahan
U.S. District Judge

- 2 -

1 in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the
2 violation."). Defendants contend that the alleged violations occurred in 2006, in relation to the
3 origination of the loan. Because the complaint was filed on March 7, 2011 (doc. #1), the claims are
4 barred.

5       The court disagrees. The he above-cited violations (e.g., double charging, excessive
6 kickbacks etc.) may have occurred during the life of the loan, rather than during origination. Because
7 the notice of trustee's sale was not recorded until January 6, 2011, it is plausible that at least some
8 of the violations occurred within the one-year statute of limitations period. Accordingly, the motion
9 to dismiss is denied as to these claims against all defendants.

10     (ii)    *12 U.S.C. § 2605*

11       Plaintiff also alleges various violations of 12 U.S.C. § 2605(e), which deals with the duty of
12 a loan servicer to respond to borrower inquiries.

13         (I)    Claim as to Defendants Bank of America, MERS, and ReconTrust

14       Whereas this provision only applies to the servicer of the loan (here, defendant BAC Home
15 Loans Servicing, LP) the claim is hereby dismissed as to defendants Bank of America, MERS, and
16 ReconTrust, none of which is alleged to have been involved in servicing. *See also Moon v.*
17 *Countrywide Home Loans, Inc.*, 2010 WL 522753, *5 (D. Nev. Feb. 9, 2010) (holding that only a
18 loan servicer must respond to a qualified written request under 12 U.S.C. § 2605(e)).

19         (II)    Claim as to Defendant BAC Home Loans

20       With regard to defendant BAC, defendants argue that the claim should also be dismissed
21 because the plaintiff has failed to allege "actual damages." BAC cites 12 U.S.C. § 2605(f)(1) for the
22 proposition that an individual must allege actual, pecuniary damages to adequately plead a violation
23 under this provision. The court disagrees. Section 2605(f)(1) states:

24 > Whoever fails to comply with any provision of this section shall be liable to the borrower . . . in the case of any action by an individual, [for] an amount equal to the
25 > sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice
26 > of noncompliance with the requirements of this section, in an amount not to exceed $1,000.
27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Nothing in this section mandates that the plaintiff plead pecuniary damages to recover for a violation
2  of this provision. Rather, the provision merely states that actual damages are one of two types of
3  damages that a plaintiff may recover.

4  Defendant BAC's second argument for dismissal is that there have been no actual violations
5  of section 2605(e) due to the nature of the qualified written request submitted by the plaintiff.
6  Specifically, defendant alleges that the request does not allege any particular error with respect to
7  his loan, but rather requests a biography of the life of the loan and an explanation of the financial
8  services industry as it relates to the loan.

9  While this may be true, the court finds that this argument goes to the merits of the claim,
10 rather than to the pleading standard. Accordingly, the claims arising under 12 U.S.C. § 2605(e) are
11 hereby dismissed as to defendants Bank of America, MERS, and ReconTrust. However, the claim
12 remains viable against defendant BAC Home Loan Servicing, Inc.

13 II.     Fraudulent Foreclosure

14 Plaintiff's second claim for relief (mistakenly labeled as claim four in the complaint), alleges
15 that defendants engaged in a fraudulent foreclosure on the property. Nevada recognizes the tort of
16 wrongful foreclosure where a homeowner alleges a lender wrongfully exercised the power of sale
17 and foreclosed upon their property when the homeowner was not in default on the mortgage loan.
18 *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610 (Nev. 1983).

19 Here, plaintiff does not dispute her delinquency on the mortgage payments, but rather argues
20 that: (1) the notice of default and election to sell were improper due to ReconTrust's being
21 substituted as a trustee a few days after the notice of default was signed, and (2) MERS' role as
22 nominee for the beneficiary invalidated the foreclosure.

23      (i)    *Notice of Default and ReconTrust*

24 NRS 107.080(2)© states that residential property may be foreclosed upon only after "[t]he
25 beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be
26 recorded in the office of the recorder of the county wherein the trust property, or some part thereof,
27 is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy
28

James C. Mahan
U.S. District Judge

- 4 -

1  the obligation."[1] Although this provision does not contain a private right of action, it does allow a
2  court to void a sale if the person conducting the sale did not substantially comply with the statute.
3  NRS 107.080(5)(a).

4      Taking plaintiff's allegations as true, plaintiff has failed to state a claim upon which relief
5  may be granted as to the substitution of the trustee. NRS 107.080 does not require that a particular
6  party, whether it be the trustee, beneficiary, or their assigns, record notices of default. Thus, nothing
7  prevents an authorized agent from recording the notice. *See Berilo v. HSBC Mortg. Corp., USA*,
8  2010 WL 2667218 (D. Nev. June 29, 2010).

9      Here, it does not matter that ReconTrust was named as trustee after the notice of default and
10 election to sell were recorded because it filed not as the trustee, but rather as the agent for the
11 beneficiary. Nothing in the law of Nevada invalidates this act. Accordingly, the motion to dismiss
12 is granted as to plaintiff's claim of fraudulent foreclosure based on a defect in the notice of default.

13     (ii)   *MERS' Role as Nominee for the Beneficiary*

14     Similarly, plaintiff's claim of fraudulent foreclosure based on MERS' role as the nominee
15 for the beneficiary fails to state a claim upon which relief may be granted. It is appropriate for a
16 lender to appoint MERS as its nominee under the deed of trust, and there is simply no defect in
17 foreclosure in Nevada where a trustee may foreclose non-judicially. *See Gomez v. Countrywide*
18 *Bank, FSB*, 2009 WL 3617650 (D. Nev. Oct. 26, 2009) (concluding that MERS is essentially a
19 limited agent which may act on behalf of the nominator in administering the deed of trust).

20     Accordingly, the motion to dismiss is granted as to plaintiff's claim of fraudulent foreclosure
21 based on MERS' role. Whereas both basis for this claim have been rejected, the fraudulent
22 foreclosure claim is dismissed in its entirety against all defendants.

23 III.    Fair Debt Collection Act
24     In the third claim for relief, plaintiff alleges that defendants violated the Fair Debt Collection

---

[1] The court notes that this provision has been amended since the filing of the instant complaint. However, because the sale at issue occurred before the amendments took effect, the court applies the 2010 version of the law.

1  Practices Act (FDCPA) when defendant ReconTrust signed the notice of default prior to its
2  substitution as trustee. However, this claim fails to state a claim for relief that is viable on its face
3  because non-judicial foreclosures are not an attempt to collect a debt under the FDCPA and similar
4  statutes. *Kenneweg v. IndyMac Bank, FSB*, 2011 WL 13853, *2 (D. Nev. Jan. 4, 2011) (holding the
5  FDCPA inapplicable where defendants are not debt collectors as defined in the statute). Thus, the
6  motion to dismiss is granted as to this claim for relief.
7      Accordingly,
8      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
9  dismiss (doc. #5) be, and the same hereby is, GRANTED in part and DENIED in part as set forth
10  in the body of this order.
11      DATED August 5, 2011.

                                                                                                                           **UNITED STATES DISTRICT JUDGE**

U.S. District Judge

- 6 -